## CHARLIE BANKS v. THE STATE.

No. 8969.   Delivered February 4, 1924.

1.—Murder—Continuance—Absent Character Witnesses.

A continuance will not be granted on account of the absence of character witnesses. (See cases cited under sec. 24, page 317, Vernon's C. C. P., and sec 33, page 192, Branch's Ann. P. C.)

2.—Same—Continuance—Absent Witness—Properly Refused.

Where a continuance is asked on account of an absent witness whose testimony as set out in the application, was not probably true, or if testified to would not probably change the result, a continuance is properly refused.

3.—Same—Court's Charge—Exceptions to—Not Filed in Time.

Exceptions to the court's charge and his refusal to amend same filed long after the trial will not be considered. See Art. 735, C. C. P.

4.—Same—Special Charge—Must Present Law.

Where a special charge requested does not accurately present the law, as applied to the facts, it should be refused. The special charge refused, if it was intended to have the court submit the substance of Art. 1147, P. C., relative to the presumption of intent, or lack thereof, from the character of the weapon used by appellant, the charge did not specifically call to the attention of the court such issue.

Appeal from the District Court of Orange County.   Tried below before the Hon. V. H. Stark, Judge.

Appeal from a conviction of murder; penalty, ninety-nine years in the penitentiary.

The opinion states the case.

No brief filed by appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, Judge.—Conviction is for the murder of Frank Diminick, punishment having been assessed at 99 years in the penitentiary.

Both appellant and deceased were working for the Texas Creosoting Plant. Appellant was passing lumber to deceased, who was stacking it. It appears from the evidence that appellant was rather rough in passing the lumber and deceased cautioned him about it, telling him to be careful or he would hurt deceased. Some of the witnesses say that deceased said to appellant, "You act like you are crazy; if you hurt me with that lumber I will learn you some sense." Some witnesses did not hear this remark if it was made. The other hands, a great many of whom were working within hearing distance of the parties, began to poke fun at appellant in regard to the matter, which angered him. He made an obscene remark of insulting character. Deceased walked towards him a few steps and asked if he intended to apply the remark to him. Some of the witnesses say that without making any reply whatever appellant plunged a knife into the left breast of deceased, apparently twisted the blade and made one or two additional thrusts without withdrawing it from deceased's body. Other witnesses say that when deceased asked appellant if he intended to apply the remark to him, appellant replied that he did not, but that deceased could resent it if he desired, and immediately, without deceased doing anything, appellant made the attack. Appellant's version of the matter is that deceased approached him in a threatening manner, and was attempting to pick up a stick when appellant cut him. No other witness supports appellant in regard to deceased making any effort to secure a stick. Deceased seems to have been a much older man than appellant. Immediately after cutting deceased appellant fled. Deceased died almost instantly.

Appellant sought a continuance for two absent witnesses who resided in Liberty County, by whom appellant expected to prove his good reputation. They were character witnesses, purely, and the court committed no error in refusing the continuance for them. (See cases cited under Section 24, page 317, Vernon's C. C. P., and Sec. 33, page 192, Branch's Ann. P. C.) It further appears from the qualification of the learned trial judge that three witnesses from Liberty County were present and testified as to appellant's good reputation. Continuance was also sought because of the absence of Howard Battee, it being averred that this witness had been sub-

poenaed, that he was present at the time of the killing and would testify that immediately before appellant cut deceased the latter threatened to throw a heavy timber on appellant. No witness, not even appellant, testified that Battee was present at the time of the difficulty. It was not appellant's defense that deceased threatened to throw a heavy timber on him immediately preceeding the difficulty, but that deceased was attempting to secure a stick with which appellant thought deceased intended to strike him. In passing upon the motion for new trial the court had the benefit of all the evidence which he had heard. We think he was justified in declining to grant a new trial based upon the absence of this witness. Under all the evidence he was justified in concluding that the witness, if present, would not testify as alleged in the application, or, if so, that it would not likely change the result.

The only written objection to the charge was "because it does not charge on aggravated assault." No reasons are given why a charge upon such subject should have been given. There appears in the record an elaborated bill of exceptions to the refusal to amend the charge which does state reasons, but this was not filed until long after the trial. This is not in compliance with Article 735, C. C. P. A special charge was requested, as follows:

"You are instructed that a knife, the blade of which is no more than two or three inches long, is not of itself a deadly weapon, and if you find from the evidence in this case that the defendant did not have any intention of killing the deceased, and further believe that he was only trying to prevent the attack upon him, the defendant, you will find him not guilty."

It will be observed that this charge is an incomplete and incorrect statement of the law. If appellant was seeking to have the court submit the substance of Art. 1147, P. C., relative to the presumption of intent, or lack thereof, from the character of weapon used by appellant, it was not specifically called to the attention of the court. Brazzell v. State, 266 S. W. 788.

Even if it had been, we are not able to say from the evidence that he would have been called upon to submit it. The only description we find of the knife is from one witness who says the blade appeared to him to be 3 1-2 inches long. The knife was produced at the trial and was before the court and jury, but we have no way of knowing its character or description. We are advised that the wound inflicted caused immediate death, and that it was from one and one-half to two inches long. Under the circumstances we are not able to say that any error was committed in the respect complained of.

The judgment is affirmed.

*Affirmed.*